IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

FAUSTO ALEJANDRO AGUERO ALVARADO

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

  -against-

(1) THE FEDERAL BUREAU OF PRISONS;

(2) FCI ESTILL, SC;

(see attached)

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

**Complaint for Violation of Civil Rights**
(Prisoner Complaint)

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial:     ☒ Yes    ☐ No
               *(check one)*

---

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

When submitted for filing, your complaint should be accompanied by the full filing fee or an application to proceed in *forma pauperis*.

..."attached" list of Defendants

(3) William E. Mackelburg, Warden, FCI Estill, SC;

(4) (First Name Unknown ("FNU")) Crickard, Assistant Warden, FCI Estill, SC;

(5) FNU Frazer, Medical Director, FCI Estill, SC;

(6) USP LEWISBURG, PA:

(7) FNU Spaulding, Warden, USP Lewisburg, PA;

(8) John Doe, Medical Director, USP Lewisburg, PA;

(9) FCI BENNETTSVILLE, SC: and

(10) FNU Warren, Medical Director, FCI Bennettsville, SC.

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name    FAUSTO ALEJANDRO AGUERO ALVARADO

All other names by which you have been known:

NO AKA. HOWEVER, THE BOP HAS MISSPELLED THE PLAINTIFF'S NAME AS "AGUERO-ALVERADO,"

ID Number    FEDERAL INMATE 98068-004

Current Institution    FCI BENNETTSVILLE

Address    P.O. Box 52020

BENNETTSVILLE, SC 29512

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name    THE FEDERAL BUREAU OF PRISONS

Job or Title    BUREAU OF PRISONS
(if known)

Shield Number    UNKNOWN

Employer    U.S. GOVERNMENT

Address    OFFICE OF THE GENERAL COUNSELOR: BUREAU
OF PRISONS: 320 FIRST STREET, N.W.:
WASHINGTON, D.C. 20534

☒ Individual capacity    ☒ Official capacity

Defendant No. 2

Name    FCI ESTILL, SC

2

| | |
|---|---|
| Job or Title (if known) | FEDERAL CORRECTIONAL INSTITUTION |
| Shield Number | UNKNOWN |
| Employer | THE FEDERAL BUREAU OF PRISONS |
| Address | P.O. BOX 699; ESTILL, SC 29918 |

☒ Individual capacity          ☒ Official capacity

**Defendant No. 3**

| | |
|---|---|
| Name | WILLIAM E. MACKELBURG |
| Job or Title (if known) | WARDEN |
| Shield Number | UNKNOWN |
| Employer | THE FEDERAL BUREAU OF PRISONS |
| Address | LAST KNOWN ADDRESS, FCI ESTILL: P.O. BOX 699; ESTILL, SC 29918 |

☒ Individual capacity          ☒ Official capacity

**Defendant No. 4**

| | |
|---|---|
| Name | FNU CRICKARD |
| Job or Title (if known) | ASSISTANT WARDEN |
| Shield Number | UNKNOWN |
| Employer | THE FEDERAL BUREAU OF PRISONS |
| Address | LAST KNOWN ADDRESS, FCI ESTILL: P.O. BOX 699; ESTILL, SC 29918 |

☒ Individual capacity          ☒ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

3

...continuation page B. The Defendant(s)

Defendant No. 5

    Name                           FNU FRAZER

    Job or Title                  MEDICAL DIRECTOR ASSISTANT

    Shield Number               UNKNOWN

    Employer                   THE FEDERAL BUREAU OF PRISONS

    Address                    LAST KNOWN ADDRESS, FCI ESTILL; P.O. BOX 699; ESTILL, SC 29918

    **X** Individual capacity      **X** Official capacity

Defendant No. 6

    Name                           USP LEWISBURG, PA

    Job or Title                  UNITED STATES PENITENTIARY

    Shield Number               UNKNOWN

    Employer                   THE FEDERAL BUREAU OF PRISONS

    Address                    2400 ROBERT F. MILLER DRIVE; P.O. BOX 1000; LEWISBURG, PA 17837

    **X** Individual capacity      **X** Official capacity

Defendant No. 7

    Name                           FNU SPAULDING

    Job or Title                  WARDEN

    Shield Number               UNKNOWN

    Employer                   THE FEDERAL BUREAU OF PRISON

    Address                    LAST KNOWN ADDRESS, 2400 ROBERT F. MILLER DRIVE; P.O. BOX 1000; LEWISBURG, PA 17837

    **X** Individual capacity      **X** Official capacity

3.1

...continuation page B. The Defendant(s)

Defendant No. 8

Name                            JOHN DOE

Job or Title                    MEDICAL DIRECTOR

Shield Number                   UNKNOWN

Employer                        THE FEDERAL BUREAU OF PRISONS

Address:                        LAST KNOWN ADDRESS, 2400 ROBERT F. MILLER DRIVE; LEWISBURG, PA 17837

X  Individual capacity          X  Official capacity

Defendant No. 9

Name                            FCI BENNETTSVILLE

Job or Title                    FEDERAL CORRECTIONAL INSTITUTION

Shield Number                   UNKNOWN

Employer                        THE FEDERAL BUREAU OF PRISONS

Address                         696 MUCKERMAN ROAD; BENNETTSVILLE, SC 29512

X  Individual capacity          X  Official capacity

Defendant No. 10

Name                            FNU WARREN

Job or Title                    MEDICAL DIRECTOR

Shield Number                   UNKNOWN

Employer                        THE FEDERAL BUREAU OF PRISONS

Address                         FCI BENNETTSVILLE; 696 MUCKERMAN ROAD; BENNETTSVILLE, SC 29512

X  Individual capacity          X  Official capacity

A.    Are you bringing suit against *(check all that apply)*:

    ☒    Federal officials (a *Bivens* claim)

    ☐    State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    N/A

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

    Deliberate indifference to serious medical needs constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

    A detailed explanation is found in the continuation attachment to this section.

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

    ☐    Pretrial detainee

    ☐    Civilly committed detainee

    ☐    Immigration detainee

4

...continuation page for §II. BASIS FOR JURISDICTION

D. [...] how each defendant acted under color of federal law:

- 1 -

At all times relevant to this action, the Defendants named in this action are liable for acts and/or omissions while acting under FEDERAL COLOR for failing to comply with the prescriptions at 18 U.S.C. §4042(a)(2) and (a)(3); the Code of Federal Regulations §0.95(b) and (c); and for violating the bilateral diplomatic treaty between the Government of the United States of America and the Government of Colombia, to wit, that the Plaintiff will not be subject of "torture or cruel and unusual punishment, degrading or inhumane treatment. [...] the Government of the United States **ASSURES** the Government of Colombia that no person extradited to the United States from Colombia will be subject to torture or cruel and unusual punishment..." Diplomatic Note No. 0672 (attached herein as EXHIBIT 5) (ellipsis and emphasis added).

Defendants (1) THE FEDERAL BUREAU OF PRISONS; (2) FCI ESTILL, SC; (6) USP LEWISBURG, PA; and (9) FCI BENNETTSVILLE, are liable for the acts and/or omissions of/by their employees who acting under **FEDERAL COLOR** failed to abide by the laws and the diplomatic treaty described above;

Defendant (3), WILLIAM E. MACKELBURG, WARDEN, FCI ESTILL, SC: Saw the injured Plaintiff after saving the life of one of his officers. Despite being asked to exercise his authority to order to provide the Plaintiff with adequate medical care, he chose not to exercise such authority;

Defendant (4), FNU CRICKARD, ASSISTANT WARDEN, FCI ESTILL, SC: Saw the injured Plaintiff after saving the life of a correctional officer. Despite being asked to exercise his authority to order to provide the Plaintiff with adequate medical care, he chose not to exercise such authority;

Defendant (5), FNU FRAZER, MEDICAL DIRECTOR ASSISTANT, FCI ESTILL, SC: Twice a month, during the span of 10 to 11 months, the Plaintiff presented to him complains that Health Services staff was denying the Plaintiff urgent and

4.1

...continuation page for §II. BASIS FOR JURISDICTION

D. [...] how each defendant acted under color of federal law:

- 2 -

and available pain treatment and medication. Despite having the authority to order to provide the Plaintiff with adequate medical care, he chose not to exercise such authority;

Defendant (7), FNU SPAULDING, WARDEN, USP LEWISBURG, PA: Via BP-9, administrative remedy, the Plaintiff asked him to exercise his authority to order to provide with adequate medical care to the Plaintiff, he chose not to exercise such authority;

Defendant (8), JOHN DOE, MEDICAL DIRECTOR, USP LEWISBURG, PA: Via sick-call request to staff, Health Services was begged to provide the Plaintiff with adequate medical care which is available at the institution. Although just an X-Ray was taken, no medication nor pain treatment was ordered, other than the perpetual "buy ibuprophen from commissary and do exercise;"

Defendant (10), FNU WARREN, MEDICAL DIRECTOR, FCI BENNETTSVILLE, SC: The Plaintiff has gone to sick-call numerous times. He has also sent paper and electronic requests to staff to Health Services since November AD2020 until March 1st, AD2022 (see EXHIBIT 2), begging for medical attention and pain treatment. The Plaintiff has been receiving the same response—"but ibuprophen." Having the authority to order to provide the Plaintiff with the adequate and urgent medical care he needs, this authority has not yet been exercised.

4.2

☐    Convicted and sentenced state prisoner

☒    Convicted and sentenced federal prisoner

☐    Other *(explain)* _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

This claim arose at FCI ESTILL, SC on May 24th, AD2019 up to April 14th, AD2020, continuing at USP LEWISBURG, PA from April 14th, AD2020 to October 28th, AD2020 and furthered at FCI BENNETTSVILLE, SC from October 28th, AD2020 to present day.

C.    What date and approximate time did the events giving rise to your claim(s) occur?

My injuries were sustained on May 24th, AD2019, on or around 08:00 hours. However, the deliberate indifference to serious medical needs constituting unnecessary and wanton infliction of pain has been suffered during the approximate span of three (3) years.

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

On May 24th, AD2019, I sustained painful injuries after having to wrestle with a violent inmate who was beating the life off from a U.S. government employee at FCI ESTILL, SC. No one else was

5

involved. My physical injuries were produced by the violent inmate I was restraining from further injuring Officer John Nichols. More than 100 inmates from my housing unit witnessed this event, which was also recorded by the security surveillance system.

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

(a) an inguinal hernia, currently untreated; (b) My sciatica worsened, currently untreated; (c) neck injury, currently untreated; (d) Back injury, at USP LEWISBURG, PA it was determined I have a 21° levoscoliosis centered at L2-3; slight chronic anterior wedging of L2; mild L1-2, minimal L2-3, and moderate L5-S1 disc space narrowing; minimal scattered ventral endplate osteophytes; and mild L4-5 and L5-S1 facet arthopathy (see EXHIBIT 3), currently untreated (this condition deprives me from performing phisical activity such as doing exercise (and lifting objects) affecting my body mass index (BMI), which may bring even more prejudice...see attachment

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

The Plaintiff seeks the active protection of the Court for him to--(a) Issue an ORDER to Defendant (1) THE FEDERAL BUREAU OF PRISONS to immediately provide the Plaintiff with the urgent medical attention he needs and be taken to a hospital for evaluation for every medical complaint which arose from the incident occurred on May 24th, AD2019, to wit--(1) Blood ...continues in attachment.

## VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

6

...continuation page for §V INJURIES

...to my current health); (e) sharp pain in my left wrist, currently untreated; (f) my eyeglasses were broken, currently not been evaluated by the eye doctor; (g) the aggressor's and Officer Nichols's blood came in contact with an open wound caused by the aggressor on the bridge of my nose. (the Plaintiff was HIV tested, not upon request, but because FCI BENNETTSVILLE tested its entire population for HIV; and (h) emotional unrest for not being able to sleep well do to my back pain (the Plaintiff was prescribed Amitriptyline, which he takes under duress, for he was told that if he didn't take it, he will be subject to a disciplinary process for disobeying an order. This medication is further affecting the Plaintiff's sleep. It does nothing to control or reduce his pain. FCI BENNETTSVILLE'S HEALTH SERVICES DEPARTMENT has been addressed about this issue but has taken no action (revisit EXHIBIT 2). This medication is prescribed for **"low mood" (depression),** but HEALTH SERVICES says it is for pain treatment the attached drug description contradicts HEALTH SERVICES statement (see EXHIBIT 4).

...continuation page for §VI RELIEF

- 1 -

...test for any and all diseases transmitted through blood contact with the blood of other individuals; (2) to be treated for his inguinal hernia; (3) to be treated for his sciatica; (4) to be re-issued with a TENS unit, as he was, to treat his sciatica; (5) to be evaluated by an orthopedic to determine what kind of injury he sustained in his back, neck and left wrist, and to receive the proper medical treatment as indicated by the orthopedic; (6) to receive the required physiotherapy after being deprived of exercise—during three (3) years—due to his painful condition; (7) to receive the required and proper medical treatment for his pain; and (8) to be seen by the eye doctor and be issued eye glasses as soon as possible.

(b) to consider that the proposed below award compensatory damages and award punitive damages are for the deliberate indifference to serious medical needs constituting unnecessary and wanton infliction of pain that the Plaintiff has been a victim of during the span of three (3) years by U.S. government employees in violation of the Eighth Amendment to the U.S. Constitution and Diplomatic Note No. 0672 (see EXHIBIT 5).

6.1

...continuation page for §VI RELIEF

- 2 -

(1) **AWARD COMPENSATORY DAMAGES** in the following amounts--

(A) Due to the Plaintiff's incapacity to perform physical work after sustaining an injury to his back, the Plaintiff asks for the equivalent to ten (10) years' minimum wages, per current standards, jointly and severally against Defendants (1) THE FEDERAL BUREAU OF PRISONS; (3) WILLIAM E. MACKELBURG; (4) FNU CRICKARD; and (7) FNU SPAULDING, for failing to exercise authority to order to provide the adequate medical care to the Plaintiff when presented with his urgent medical needs;

(B) $250,000 jointly and severally against Defendants (2) FCI ESTILL, SC; (5) FNU FRAZER; (6) USP LEWISBURG, PA; (8) JOHN DOE; (9) FCI BENNETTSVILLE, SC; and (10) FNU WARREN for the physical and emotional injury resulting from their failure to provide adequate urgent and available medical care to the Plaintiff;

(2) **AWARD PUNITIVE DAMAGES** in the following amounts--

(A) $250,000 jointly and severally against Defendants (1) THE FEDERAL BUREAU OF PRISONS; (3) WILLIAM E. MACKELBURG; (4) FNU CRICKARD; and (7) FNU SPAULDING;

(B) $150,000 jointly and severally against Defendants (2) FCI ESTILL, SC; (5) FNU FRAZER: (6) USP LEWISBURG, PA; (8) JOHN DOE; (9) FCI BENNETTSVILLE, SC; and (10) FNU WARREN: and/or

(3) **GRANT** such other relief as it may appear that the Plaintiff is entitled, particularly but not limited to extra good time for his **HEROIC ACTION** as described in EXHIBIT B.2 of the attached EXHIBIT 1, exhaustion of administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒   Yes

☐   No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

This claim arose at FCI ESTILL, SC, continued at USP LEWISBURG, PA, and is currently furthered at FCI BENNETTSVILLE, SC.

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒   Yes

☐   No

☐   Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒   Yes

☐   No

☐   Do not know

If yes, which claim(s)?

(a) a reduction in sentence through the increase of good time; and (b) compensatory damages (see EXHIBIT B from EXHIBIT 1).

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒   Yes

☐   No

7

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐     Yes

☐     No

E.     If you did file a grievance:

1.     Where did you file the grievance?

Verbal and written requests to staff and BP-8 were filed at FCI ESTILL, SC. BP-9, BP-10, and BP-11 were filed at USP LEWISBURG, PA. Response to BP-11 was filed at FCI BENNETTSVILLE, SC.

2.     What did you claim in your grievance?

That the Plaintiff (1) be immediately treated for the painful injuries sustained after saving the life of a U.S. government employee; (2) a reduction in sentence; and (3) to be given a generous compensatory damages and punitive awards for the deprivation of urgent and available medical care.

3.     What was the result, if any?

The BP-9 was rejected. The BP-10 was rejected. The BP-11 was remanded for reconsideration of the medical appeal. It was later rejected by the Regional Office.

4.     What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

Each and every step was completed, that is, verbal notice, request to staff, BP-8, BP-9, BP-10, BP-11, Response to BP-11 remanded for reconsideration of the medical appeal.

8

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

N/A _____

_____

_____

_____

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A _____

_____

_____

_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

The FACTS which support this claim are accurately set forth in EXHIBIT 1, which is a faithful copy of the entire administrative remedy process. ...continues in attachment

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐    Yes

☒    No

9

...continuation page for §VII. EXHAUSTION OF ADMINISTRATIVE REMEDY ADMINISTRATIVE PROCEDURES G:

However, the Plaintiff believes that the Central Office's NOTICE OF REJECTION with REMARK for remand due to the medical appeal, and the Plaintiff's response to the Central Office's remand addressed to the Regional Office were withdrawn by FCI BENNETTSVILLE's staff, for two reasons--

(a) When an administrative remedy is rejected, an inmate receives **ALL** four copies of the appeal back. The Plaintiff did receive his four copies back with the exception of the new appeal stating the Central Office's remarks; and

(b) The Regional Office's NOTICE OF REJECTION is silent with regards to the Central Office's remand.

**PLEASE BE ADVISED,** EXHIBITS 2 through 5 have been incorporated so this Honorable Court may understand the Plaintiff's claim.

9.1

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____

_____

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐    Yes

☒    · No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

    1.    Parties to the previous lawsuit

        Plaintiff(s)    _____

        Defendant(s)   _____

    2.    Court *(if federal court, name the district; if state court, name the county and State)*

        _____

    3.    Docket or index number

        _____

    4.    Name of Judge assigned to your case

        _____

    5.    Approximate date of filing lawsuit

        _____

    6.    Is the case still pending?

        ☐    Yes

        ☐    No

        If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

    _____

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

    ☐    Yes

    ☒    No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

    1.  Parties to the previous lawsuit

        Plaintiff(s)    _____

        Defendant(s)    _____

    2.  Court *(if federal court, name the district; if state court, name the county and State)*

        _____

        _____

    3.  Docket or index number

        _____

    4.  Name of Judge assigned to your case

        _____

    5.  Approximate date of filing lawsuit

        _____

    6.  Is the case still pending?

        ☐    Yes

        ☐    No

11

If no, give the approximate date of disposition. _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

_____

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: **May 31st** , 20**22**

Signature of Plaintiff

Printed Name of Plaintiff    Fausto Alejandro Aguero Alvarado

Prison Identification #    98068-004

Prison Address    FCI BENNETTSVILLE; P.O. BOX 52020;

BENNETTSVILLE, SC 29512

City                State                Zip Code

### B.    For Attorneys

Date of signing: _____ , 20__ .

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

12

Address                 _____

Telephone Number        _____

E-mail Address          _____

13