IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Fausto Alejandro Aguero Alvarado, | ) | Case No.:  0:22-cv-1723-JD-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| The Federal Bureau of Prisons; FCI Estill, | ) | |
| SC; William E. Mackelburg, Warden; FNU | ) | |
| Crickard, Assistant Warden; FNU Fraser, | ) | |
| Medical Director Assistant; USP Lewisburg, | ) | |
| PA, United States Penitentiary; FNU | ) | |
| Spaulding, Warden; John Doe, Medical | ) | |
| Director; FCI Bennettsville, Federal | ) | |
| Correctional Institution; FNU Warren, | ) | |
| Medical Director, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with a Report and Recommendation from United States Magistrate Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 77.)  Plaintiff Fausto Alejandro Aguero Alvarado ("Alvarado" or "Plaintiff"), proceeding *pro se*, alleges the defendants Federal Bureau of Prisons ("BOP") and its officials (collectively "Government" or "Defendants") have failed to provide him with medical treatment for injuries Plaintiff purportedly sustained while defending a BOP staff member from an inmate attack on May 24, 2019.[2]  (DE 1.)  Alvarado's Complaint, as

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

[2]  At the time of the incident, Alvarado was housed at the Federal Correctional Institution ("FCI") Estill, South Carolina. Defendant William E. Mackelburg was the Warden of FCI Estill, Defendant David Crickard was the Assistance Warden, and Defendant Robert Fraser (sic) was the Assistant Health

1

construed by the Court,[3] seeks damages against the individual defendants pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), for deliberate indifference to serious medical needs in violation of the Eighth Amendment.  Alvarado also seeks injunctive relief against the Government—to be given urgent medical care for the injuries he sustained during the incident.  (DE 77, p. 4.)

On December 28, 2022, the Defendants filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment (DE 43).  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised Alvarado of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the Government's motion.  (DE 45.)  Alvarado filed a Response in opposition to the motion (DE 64), and the Government filed a Reply (DE 69).  The Report was issued on May 10, 2023, recommending the Government's Motion to Dismiss, or in the Alternative Motion for Summary Judgement, be granted.  (DE 77.)  Specifically, the Report recommends dismissing Defendant Spaulding, the former Warden of the United States Penitentiary in Lewisburg, Pennsylvania, because it lacks personal jurisdiction over him, dismissing Alvarado's eighth amendment deliberate indifference claims because he fails to show that the BOP disregarded a serious risk to his health, which is therefore fatal to his Bivens claims against the individual defendants.[4]

---

Administrator.  On April 13, 2020, a tornado struck FCI Estill, causing such extensive damages that the inmates were transferred to United States Penitentiary ("USP") Lewisburg in Pennsylvania. Defendant Spaulding was the Warden of USP Lewisburg. Alvarado went through a health screening when he arrived at USP Lewisburg on April 14, 2020.

[3]    Neither party objected to the Court's construction of the pleading after they were given the opportunity to do so.  (DE 46.)

[4]    In addition, the Report recommended dismissal of the Bivens claims because Alvarado has other avenues to seek relief for his non-life-threatening medical condition in prison, i.e. administrative remedies under the Federal Tort Claims Act, which Alvarado was pursuing.  (DE 77.)

Plaintiff has not filed an objection to the Report.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the Court finds that there is no clear error on the face of the record, and therefore, adopts the Report and Recommendation as modified and consistent herewith and incorporates it herein by reference.

It is, therefore, **ORDERED** that the Government's Motion to Dismiss Defendant Spaulding for lack of personal jurisdiction is granted and the Government's Motion for Summary Judgment (DE 43) on Alvarado's remaining claims is granted.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 20, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.